Georlen Spangler, Esq.
Nevada Bar No. 3818
LAW OFFICE OF GEORLEN K. SPANGLER
2620 Regatta Drive, Suite 102
Las Vegas, Nevada 89128
Phone: 702.381.5830
E-Mail: spanglerlaw@outlook.com

*Attorneys for Defendant, Lincoln Life Assurance Company of Boston*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| TIMOTHY SNOW,<br><br>Plaintiff,<br><br>v.<br><br>LINCOLN LIFE ASSURANCE COMPANY OF BOSTON, a foreign corporation; ARIA RESORT & CASINO, LLC; LEANDRE WHARTON; DOES I through V; and ROE BUSINESS ENTITIES VI through X,<br><br>Defendants. | CASE NO.: _____<br><br>**DEFENDANT LINCOLN LIFE ASSURANCE COMPANY OF BOSTON'S NOTICE OF REMOVAL** |

Defendant Lincoln Life Assurance Company of Boston ("Lincoln") hereby gives Notice of Removal of Case No. A-22-847946-C from the District Court of Clark County, Nevada (the "State Action"), to the United States District Court for the District of Nevada pursuant to 28 U.S.C. § 1331, 1441(a)-(c), and 1446.

**I.   BASIS FOR REMOVAL – FEDERAL QUESTION JURISDICTION**

This is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1331, and is removable to this Court pursuant to the provisions of 28 U.S.C. §§ 1441 (a) - (c) on the grounds that the Court has original jurisdiction by virtue of federal question jurisdiction.

1

By the State Court action, Plaintiff is seeking to resolve legal issues regarding disability benefits under 29 U.S.C. § 1132(a)(1)(B) from a disability benefits plan, in which he was a participant by virtue of his employment with Robinson Nevada Mining Company ("Robinson").  The benefit plan at issue is an "employee welfare benefit plan" as that term is defined in 29 U.S.C. § 1002(1) of the Employee Retirement Income Security Act ("ERISA"). Lincoln hereby submits that federal jurisdiction is proper based on the grounds of federal question jurisdiction, 28 U.S.C. § 1331.

District courts have federal question jurisdiction of all civil actions "arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  A civil action arises under the laws of the United States if the state-law claim raised in the civil action "necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities."  This action involves claims that relate to the laws of the United States, specifically, the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, et seq.  ERISA applies to any "employee benefit plan" if the plan is established or maintained by an employer or employee organization engaged in commerce or in any industry or activity affecting commerce.  29 U.S.C. § 1003.  An "employee benefit plan" is defined as an employee welfare benefit plan or an employee pension benefit plan.  29 U.S.C. § 1002(3).  A plan is a welfare benefit plan if it "was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, . . . benefits in the event of sickness, accident, disability, death or unemployment."  29 U.S.C. § 1002(1) (references to other types of employer-provided benefits qualifying as ERISA plans omitted) (emphasis added).

Plaintiffs' claims necessarily raise stated federal issues, actually disputed and substantial, which this Court may entertain without disturbing any congressionally approved balance of state and federal responsibilities.

As noted above, Plaintiff is seeking to resolve legal issues regarding benefits from a disability benefits plan, in which he was a participant by virtue of his employment with Robinson.  The benefit plan at issue is an "employee welfare benefit plan" as that term is defined by ERISA. The benefits at issue are sought from an ERISA plan.  Therefore, the plan and an action for benefits under the plan are governed by ERISA.  The Court's analysis of Plaintiffs' causes of action will necessarily require interpretation of this ERISA plan. Because the preemptive force of ERISA is so powerful that it completely displaces any state law cause of action, Plaintiffs' causes of action will be "recharacterized" as a federal claim under ERISA.  Plaintiffs' causes of action in the State Action are completely preempted by 29 U.S.C. § 1132(a)(1)(B) and/or § 1132(a)(3).  Metropolitan Life Ins. Co. v. Massachusetts, 471 U.S. 724 (1985); Pilot Life Ins. Co. v. Dedeoux, 481 U.S. 41 (1987); Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58 (1987).  Accordingly, removal to this Court is proper pursuant to 28 U.S.C. § 1441(a) as it is under the original jurisdiction of the Court pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e).

## II.     VENUE

Venue of this removal action is proper pursuant to 29 U.S.C. § 1441 inasmuch as the United States District Court for the District of Nevada embraces the District Court of Clark County Nevada, which is the venue where the original State Action was filed.

## III.    REMOVAL IS TIMELY

Lincoln was served through the Division of Insurance of the Nevada Department of Industry and Business, on February 15, 2022.  The court's docket in the State Action does not reflect the issuance of a summons or return of service for any other Defendant.  This Notice of Removal has been filed within thirty (30) days of service of process upon the first served Defendant.  Therefore, removal of this matter is timely pursuant to 28 U.S.C. § 1446.

## IV.    NOTICE TO THE STATE COURT

Lincoln has on this date given written notice of this filing to all counsel of record and has sent a Notice of Filing of Removal to the Clerk of the District Court, Clark County,

Nevada, simultaneously with or immediately after filing this Notice of Removal, pursuant to 28 U.S.C. § 1446.

**V.    PRIOR PLEADINGS AND ORDERS PROVIDED**

Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders in this case are attached hereto as Exhibit A.

By filing this Notice of Removal, Lincoln does not waive its right to assert any defenses and/or objections to which it is entitled.

WHEREFORE, Lincoln hereby removes this action from the District Court of Clark County, Nevada, to the United States District Court for the District of Nevada.

Dated this 4th day of March 2022.

LAW OFFICE OF GEORLEN K. SPANGLER

By:   /s/ Georlen Spangler
Georlen Spangler
Nevada Bar No. 3818
2620 Regatta Drive, Suite 102
Las Vegas, Nevada 89128
Phone:  702.381.5830
E-Mail:  spanglerlaw@outlook.com
*Attorneys for Defendant Lincoln Life Assurance Company of Boston*

## CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of March 2022, I electronically transmitted the foregoing, **DEFENDANT LINCOLN LIFE ASSURANCE COMPANY OF BOSTON'S NOTICE OF REMOVAL** to the clerk's office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF Registrants:

Craig Slater, Esq.
Law Office of Craig D. Slater
8987 W. Flamingo Road, Ste 100
Las Vegas, NV 89147
Email: cslater@luhlaw.com
*Attorneys for Plaintiff*

　　　　　　　　　　　　　　　　　/s/ Tami J. Reilly
　　　　　　　　　　　　　　　　　a representative of
　　　　　　　　　　　　　　　　　LAW OFFICE OF GEORLEN K. SPANGLER