# EXHIBIT A

**Copies of all Process, Pleadings, and Orders in This Case**

**EXHIBIT A**

## Case Information

A-22-847946-C | Timothy Snow, Plaintiff(s) vs. Lincoln Life Assurance Company of Boston, Defendant(s)

| Case Number | Court | Judicial Officer |
|---|---|---|
| A-22-847946-C | Department 19 | Eller, Crystal |
| **File Date** | **Case Type** | **Case Status** |
| 02/08/2022 | Insurance Tort | Open |

## Party

**Plaintiff**
Snow, Timothy

**Active Attorneys** ▼
Lead Attorney
Slater, Craig D.
Retained

**Defendant**
Lincoln Life Assurance Company of Boston

**Defendant**
Aria Resort & Casino, LLC

**Defendant**
Wharton, Leandre

## Events and Hearings

02/08/2022 Complaint ▾

Comment
[1] Complaint

02/08/2022 Initial Appearance Fee Disclosure ▾

Comment
[2] Initial Appearance Fee Disclosure

02/08/2022 Summons Electronically Issued - Service Pending ▾

Comment
[3] Summons - Lincoln Life Assurance Company of Boston

02/24/2022 Proof of Service ▾

Comment
[4] Proof of Service of Lincoln Life Assurance Company of Boston

## Financial

Snow, Timothy

| | Total Financial Assessment | | | $270.00 |
| --- | --- | --- | --- | --- |
| | Total Payments and Credits | | | $270.00 |
| 2/8/2022 | Transaction Assessment | | | $270.00 |
| 2/8/2022 | Efile Payment | Receipt # 2022-07743-CCCLK | Snow, Timothy | ($270.00) |

STEVE SISOLAK
*Governor*

STATE OF NEVADA

TERRY REYNOLDS
*Director*

BARBARA D. RICHARDSON
*Commissioner*



DEPARTMENT OF BUSINESS AND INDUSTRY
DIVISION OF INSURANCE
1818 East College Pkwy., Suite 103
Carson City, Nevada 89706
(775) 687-0700 • Fax (775) 687-0787
Website: doi.nv.gov
E-mail: insinfo@doi.nv.gov

February 16, 2022

LINCOLN LIFE ASSURANCE COMPANY OF BOSTON (License No. 364)
CORPORATION SERVICE COMPANY
112 N CURRY ST
CARSON CITY NV  89703-4934

Re:   Notice of Service of Process (SOP No. 2321)
      Certified Mail No. 9171 9690 0935 0252 9867 77
      Timothy Snow v. Lincoln Life Assurance Company of Boston
      Case No. A-22-847946-C, District Court, Clark County, Nevada

Enclosed you will find a summons or initial documents, which has been personally served upon the Nevada Commissioner of Insurance as statutory attorney to accept service of process on your behalf.  These documents were served at 4:00pm on February 15, 2022.

Sincerely,

Barbara D. Richardson
Commissioner of Insurance

By:   /s/ Susan Bell
      Service of Process Clerk

Enclosure

Electronically Issued
2/8/2022 4:05 PM



RECEIVED
FEB 15 2022
4:00 PM
DIVISION OF INSURANCE
STATE OF NEVADA

**SUMM**
CRAIG SLATER, ESQ.
Nevada Bar No. 8667
cslater@luhlaw.com
**LAW OFFICE OF CRAIG D. SLATER**
8987 W. Flamingo Road, Suite 100
Las Vegas, NV  89147
T: (702) 367-8899
F: (702) 384-8899
*Counsel for Plaintiff*

DISTRICT COURT

CLARK COUNTY, NEVADA

\* \* \* \* \*

| | |
|---|---|
| TIMOTHY SNOW, an individual<br><br>Plaintiff,<br><br>v.<br><br>LINCOLN LIFE ASSURANCE COMPANY OF BOSTON, a foreign corporation; DOES I through V; and ROE BUSINESS ENTITIES VI through X,<br><br>Defendants. | CASE NO.: A-22-847946-C<br>DEPT. NO.: 19<br><br><br>**SUMMONS – LINCOLN LIFE ASSURANCE COMPANY OF BOSTON** |

**NOTICE!  YOU HAVE BEEN SUED.  THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS.  READ THE INFORMATION BELOW.**

**TO: LINCOLN LIFE ASSURANCE COMPANY OF BOSTON** - A civil Complaint has been filed by the Plaintiff against you for the relief set forth in the Complaint.

1. If you intend to defend this lawsuit, within 20 days after this Summons is served on you exclusive of the day of service, you must do the following:

    a. File with the Clerk of this Court, whose address is shown below, a formal written response to the Complaint in accordance with the rules of the Court.

    b. Serve a copy of your response upon the attorney whose name and address is shown below.

1

2. Unless you respond, your default will be entered upon application of the plaintiff and this Court may enter a judgment against you for the relief demanded in the Complaint, which could result in the taking of money or property or other relief requested in the Complaint.

3. If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

Issued at the direction of:

/s/ Craig D. Slater
Craig D. Slater, Esq.,
Nevada Bar No. 8667
LUH & ASSOCIATES
8987 West Flamingo Road, Suite 100
Las Vegas, NV 89147
T: (702) 367-8899; F: (702) 384-8899
*Attorney for Plaintiff*

CLERK OF COURT

By: _____   2/9/2022
Deputy Clerk                              Date
County Courthouse
200 Lewis Avenue
Las Vegas, Nevada 89101

Demond Palmer



RECEIVED
FEB 15 2022
DIVISION OF INSURANCE
STATE OF NEVADA

Electronically Filed
2/8/2022 11:54 AM
Steven D. Grierson
CLERK OF THE COURT

**COMP**
CRAIG SLATER, ESQ.
Nevada Bar No. 8667
cslater@luhlaw.com
**LAW OFFICE OF CRAIG D. SLATER**
8987 W. Flamingo Road, Suite 100
Las Vegas, NV 89147
T: (702) 367-8899
F: (702) 384-8899
*Counsel for Plaintiff*

CASE NO: A-22-847946-C
Department 19

RECEIVED
FEB 15 2022
4:00 PM
DIVISION OF INSURANCE
STATE OF NEVADA

DISTRICT COURT

CLARK COUNTY, NEVADA

* * * * *

TIMOTHY SNOW, an individual

Plaintiff,

v.

LINCOLN LIFE ASSURANCE COMPANY OF BOSTON, a foreign corporation; ARIA RESORT & CASINO, LLC; LEANDRE WHARTON; DOES I through V; and ROE BUSINESS ENTITIES VI through X,

Defendants.

CASE NO.:
DEPT. NO.:

**COMPLAINT**

**Arbitration Exemption Sought:**
1) **Amount in Controversy**
2) **Declaratory Relief Sought**

COMES NOW Plaintiff, TIMOTHY SNOW, by and through his counsel, LUH & ASSOCIATES, and hereby complains and alleges as follows:

**JURISDICTION**

1. Plaintiff is a Nevada resident, residing in the State of Nevada.

2. Upon information and belief, LINCOLN LIFE ASSURANCE COMPANY OF BOSTON (hereinafter "LINCOLN") is a foreign corporation duly licensed to conduct business in the State of Nevada, and doing business in the State of Nevada.

3. Plaintiff's treating physicians are located in the State of Nevada, County of Clark and as a result, Clark County District Court is the most convenient forum for this litigation.

1



RECEIVED
FEB 15 2022
DIVISION OF INSURANCE
STATE OF NEVADA

4. The contract of insurance at issue expressly provides that Nevada is the governing jurisdiction.

5. On information and belief, DOES 1 through V, and each of them, were the managerial agents, employees, predecessors, successors, joint-ventures, co-conspirators, alter egos, and/or representatives of the Defendants identified above and acted with permission, authorization and/or ratification and consent of such other defendants. The true identities of DOES I through V are currently unknown to Plaintiff. Plaintiff will seek leave to amend this Complaint when their true identities are ascertained.

6. On information and belief, ROE BUSINESS ENTITIES VI through X are now, and at all times herein mentioned were, business entities licensed to do and doing business in the State of Nevada, County of Clark and acted with permission, authorization and/or ratification and consent of such other defendants. The true identities of ROE BUSINESS ENTITIES VI through X are currently unknown to Plaintiff. Plaintiff will seek leave to amend this Complaint when their true identities are ascertained.

## GENERAL ALLEGATIONS

7. Plaintiff was employed at Robinson Nevada Mining Company as a Senior Haul Truck Driver/Trainer. Specifically, Plaintiff drove 793 Caterpillar Haul Trucks (300 tons) at an open pit copper mine located in Ruth, Nevada.

8. Plaintiff, as part of his employment, was insured by LINCOLN for Group Disability Income Policy which provided short term and long-term disability coverage to Plaintiff.

9. Plaintiff has several medical conditions including herniated disks in his thoracic spine.

10. As a result of Plaintiff's medical conditions, Plaintiff was deemed disabled and began receiving benefits under the policy of insurance issued by LINCOLN in July of 2019.

11. As a result of his back pain, Plaintiff was placed on short-term disability and began receiving short-term disability benefits.

12. When Plaintiff was unable to return to work after six months, he was placed on long-term

RECEIVED FEB 15 2022 DIVISION OF INSURANCE STATE OF NEVADA

disability.

13. On or about August 11, 2020, while Plaintiff was deemed disabled, Plaintiff underwent a spinal surgery consisting of the following: Left T9 costotransversectomy and left 79 transpedicular decompression of T9 nerve root with left T8-T9 microdiskectomy.

14. After receiving surgery on his spine, Plaintiff underwent physical therapy.

15. Ultimately, Plaintiffs' physicians noted that there was no improvement.

16. While receiving disability benefits, LINCOLN advised Plaintiff that he was required to apply for Social Security Disability benefits. As a result, Plaintiff applied for Social Security Disability benefits.

17. On February 19, 2021, LINCOLN provided written notice to Plaintiff notifying him that he was no longer eligible for disability benefits because he was no longer disabled.

18. LINCOLN's denial of benefits was allegedly based on an independent review of Plaintiff's medical records by an unknown physician.

19. It is clear that the physician never spoke to Plaintiff, never examined Plaintiff, and never spoke to, or consulted with, Plaintiff's physicians prior to making a determination that Plaintiff was no longer disabled.

20. On or about March 9, 2021, Plaintiff was notified by the Social Security Administration that he was deemed disabled and entitled to benefits from the Social Security Administration. This finding translates to a determination that Plaintiff is unable to perform any substantial gainful activities.

21. On March 22, 2021, written demand was made to LINCOLN demanding that they reconsider the decision to terminate Plaintiff's disability benefits.

22. Shortly thereafter, LINCOLN agreed to reverse their declination of coverage and deemed Plaintiff disabled and entitled to benefits.

23. Again, on June 19, 2021, LINCOLN provided written notice to Plaintiff notifying him that he

3

RECEIVED FEB 15 2022 DIVISION OF INSURANCE STATE OF NEVADA

1  was no longer eligible for disability benefits.

24. LINCOLN's denial of benefits was allegedly based on an independent review of Plaintiff's medical records by an unknown physician.

25. It is clear that the physician never spoke to Plaintiff, never examined Plaintiff, and never spoke to, or consulted with, Plaintiff's physicians prior to making a determination that Plaintiff was no longer disabled.

26. In awarding Plaintiff benefits, the Social Security Administration expressly determined that Plaintiff was disabled due to his medical conditions and unable to engage in substantial gainful employment.

27. Between March of 2021 and June of 2021 there was no improvement in Plaintiff's medical conditions. In fact, medical records document a worsening of his pain.

28. Medical records also demonstrate that Plaintiff's mental health impairments increased during the very same period.

29. Despite the foregoing, LINCOLN determined that Plaintiff was no longer disabled and capable of returning to work.

30. Plaintiff received $2,941.54 per month in disability benefits from LINCOLN.

31. Plaintiff receives $1,890.30 per month in Social Security disability benefits.

32. Per the terms of the policy, Plaintiff, if eligible for disability benefits, is entitled to receive the difference between the sums paid by LINCOLN and the sum received from Social Security. As a result, Plaintiff should have received $1,051.24 per month from LINCOLN and is eligible to continue receiving this amount until he is no longer disabled or until he reaches the age of 65.

**FIRST CLAIM FOR RELIEF**
Breach of Contract

33. Plaintiff refers to and incorporates herein by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

4

RECEIVED
FEB 15 2022
DIVISION OF INSURANCE
STATE OF NEVADA

34. Plaintiff and Defendant entered into a written contract – policy of insurance.

35. Per the express terms of the contract, Defendant was to provide certain benefits to Plaintiff.

36. Defendant materially breached the contract by unreasonably refusing to provide certain benefits to Plaintiff and Plaintiff was entitled to receive said benefits.

37. As a result of Defendant's material breach, Plaintiff was harmed by not receiving benefits that he was contractually entitled to receive.

38. As a result of Defendants' breach of contract, Plaintiff was injured and/or damaged, as set forth above, in a sum which is greater than $15,000. Plaintiff will seek leave of Court to amend the Complaint to state such sum when such sum can be reasonably ascertained.

39. Plaintiff was required to retain the service of an attorney and is therefore entitled to a reasonable award of attorney fees and costs.

## SECOND CLAIM FOR RELIEF
Breach of Covenant of Good Faith and Fair Dealing (Bad Faith)

40. Plaintiff refers to and incorporates herein by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

41. Defendant issued a policy of insurance for Plaintiff's benefit.

42. As the insurer, Defendant owed a fiduciary duty to act in Plaintiff's best interest and to treat Plaintiff fairly.

43. Implied in every written agreement is the implied duty of good faith and fair dealing.

44. Defendant breached the duty of good faith and fair dealing by unreasonably refusing to afford insurance benefits to Plaintiff and unreasonably denying Plaintiff benefits that he is entitled to.

45. Defendant further breached the duty of good faith and fair dealing by acting in a manner that is self-serving to the detriment of Plaintiff. Specifically, Defendant made an unreasonable and unsupported determination that Plaintiff was no longer disabled in order to prevent having to make monthly payments under the policy of insurance issued to Plaintiff.

RECEIVED FEB 15 2022 DIVISION OF INSURANCE STATE OF NEVADA

46. Defendant knew, or should have known, that its decision to terminate Plaintiff's benefits based on a incomplete and cursory review of medical records, with nothing more, was unreasonable.

47. Defendant's determination that Plaintiff was no longer disabled was unreasonable because Defendant's physician never spoke to Plaintiff, never examined Plaintiff, and never spoke to, or consulted with, Plaintiff's physicians prior to making a determination, and the determination was contrary to the existing medical records.

48. Defendant did not have a reasonable basis to deny coverage to Plaintiff. This is particularly true given that the Social Security Administration, when viewing the very same records that were provided to Defendant, determined that Plaintiff was incapable of performing any substantial gainful activities.

49. Defendant knew that there was no reasonable basis for denying disability benefits to Plaintiff.

50. As a result of Defendants' breach of covenant of good faith and fair dealing, Plaintiff was damaged, as set forth above, in a sum which is greater than $15,000. Plaintiff will seek leave of Court to amend the Complaint to state such sum when such sum can be reasonably ascertained.

51. Plaintiff was required to retain the service of an attorney and is therefore entitled to a reasonable award of attorney fees and costs.

### THIRD CLAIM FOR RELIEF
Unfair Claims Practices – Violation of NRS 686A.310

52. Plaintiff refers to and incorporates herein by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

53. NRS 686A applies to all insurance companies doing business in the State of Nevada.

54. NRS 686A confers a private right of action for first-party claimants and Plaintiff is a first-party claimant.

55. NRS 686A.310 sets forth numerous activities that are considered to be unfair practices. Specifically, the following acts are considered to be unfair practices:



(a) Misrepresenting to insureds or claimants pertinent facts or insurance policy provisions relating to any coverage at issue.

(b) Failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies.

(c) Failing to adopt and implement reasonable standards for the prompt investigation and processing of claims arising under insurance policies.

(d) Failing to affirm or deny coverage of claims within a reasonable time after proof of loss requirements have been completed and submitted by the insured.

(e) Failing to effectuate prompt, fair and equitable settlements of claims in which liability of the insurer has become reasonably clear.

(f) Compelling insureds to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in actions brought by such insureds, when the insureds have made claims for amounts reasonably similar to the amounts ultimately recovered.

(n) Failing to provide promptly to an insured a reasonable explanation of the basis in the insurance policy, with respect to the facts of the insured's claim and the applicable law, for the denial of the claim or for an offer to settle or compromise the claim.

56. As set forth herein, Defendant has violated numerous provisions of NRS 686A.310. Specifically, Defendant has failed to effectuate fair and equitable settlements of claims in which liability was reasonably clear, caused Plaintiff to institute this action to recover amounts due under the policy of insurance issued by Defendant, and failed to adopt and implement reasonable standard for prompt investigation and processing of claims.

57. As a result of Defendant's violations of NRS 686A.310, Plaintiff was injured and/or damaged, as set forth above, in a sum which is greater than $15,000. Plaintiff will seek leave of Court to amend the Complaint to state such sum when such sum can be reasonably ascertained.

58. Plaintiff was required to retain the service of an attorney and is therefore entitled to a reasonable award of attorney fees and costs.

**FOURTH CLAIM FOR RELIEF**
Declaratory Relief

59. Plaintiff refers to and incorporates herein by reference the allegations contained in the


RECEIVED FEB 15 2022 DIVISION OF INSURANCE STATE OF NEVADA

preceding paragraphs as though fully set forth herein.

60. There currently exists a dispute between Plaintiff and Defendant regarding the provisions and coverages afforded under the policy of insurance Defendant issued to Plaintiff.

61. The dispute is ripe for determination by the court.

62. Plaintiff was required to retain the service of an attorney and is therefore entitled to a reasonable award of attorney fees and costs.

### FIFTH CLAIM FOR RELIEF
Punitve Damages

63. Plaintiff refers to and incorporates herein by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

64. Defendant's conduct in denying Plaintiff the benefits he is entitled to constitutes fraudulent, oppressive, and malicious conduct.

65. Based on the gravity of Defendant's conduct, and the self serving manner in which they have acted, Plaintiff is entitled to an award of punitive damages.

WHEREFORE, Plaintiff prays for judgment as follows:

1. That Plaintiff is entitled to compensatory damages in a sum according to proof;

2. That Plaintiff is entitled an award of punitive damages;

3. That Plaintiff is entitled to interest at the legal rate on the foregoing sums;

4. That Plaintiff is entitled to costs of suit incurred herein, including reasonable attorney fees, expert witness fees, and other costs;

/ / /

/ / /

/ / /



5. For such other and further relief as the Court may deem just and proper.

DATED this 8th day of February, 2021.

**LAW OFFICE OF CRAIG D. SLATER**

/s/ Craig D. Slater

---

CRAIG D. SLATER, ESQ.
8987 W. Flamingo Road, Suite 100
Las Vegas, NV 89147
(702) 367-8899
*Counsel for Plaintiff*