Georlen Spangler, Esq.
Nevada Bar No. 3818
LAW OFFICE OF GEORLEN K. SPANGLER
2620 Regatta Drive, Suite 102
Las Vegas, Nevada 89128
Phone: 702.381.5830
E-Mail: spanglerlaw@outlook.com

***Pro Hac Vice* Petition Pending**
Iwana Rademaekers, TX Bar No. 16452560
LAW OFFICES OF IWANA RADEMAEKERS, P.C.
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

*Attorneys for Defendant, Lincoln Life Assurance Company of Boston*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| TIMOTHY SNOW,<br><br>Plaintiff,<br><br>v.<br><br>LINCOLN LIFE ASSURANCE COMPANY OF BOSTON, a foreign corporation; ARIA RESORT & CASINO, LLC; LEANDRE WHARTON; DOES I through V; and ROE BUSINESS ENTITIES VI through X,<br><br>Defendants. | Case No. 2:22-CV-00405<br><br>**DEFENDANT LINCOLN LIFE ASSURANCE COMPANY OF BOSTON'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT** |

Defendant Lincoln Life Assurance Company of Boston ("Lincoln") files this motion under Fed. R. Civ. P. 12(b)(6) for dismissal of the Complaint brought by Plaintiff Timothy Snow ("Plaintiff" or "Snow") dated February 2, 2022. Specifically, Lincoln seeks dismissal of the Complaint because it asserts only state law causes of action against Lincoln that are preempted by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq., as amended ("ERISA").

Snow instituted this action by filing his Complaint on or about February 8, 2022, in the District Court of Clark County, Nevada, Case No. A-22-847946-C. Lincoln removed the case to this Court by Notice of Removal filed March 4, 2022. Lincoln grounded removal upon the Court's federal question jurisdiction, pursuant to 28 U.S.C. §§ 1331 and 1141.

Federal question jurisdiction arises in this matter because the Complaint asserts state law claims that are preempted by ERISA. The Complaint seeks relief on the basis of benefits allegedly due under a long-term disability contract.[1] Lincoln issued the Group Disability Income Policy (the "Policy") that insured benefits pursuant to the Robinson Holdings USA Ltd Long Term Disability Plan (the "Plan"), which provides long-term disability benefits to employees of Robinson Holdings USA Ltd ("Robinson"). Plaintiff was an employee of Robinson.[2] Copies of the Policy and Summary Plan Description ("SPD") are attached hereto as Exhibits A and B, respectively.[3]

The Plan, for which the Policy insures benefits therefrom, is an employee welfare benefits plan as defined by ERISA. In his Complaint, Snow seeks recovery under causes of action for breach of contract, breach of covenant of good faith and fair dealing, and unfair claims practices; Snow also seeks declaratory relief and punitive damages. However, based on the face of the Complaint, these state law causes of action are preempted by ERISA, as a matter of law, and the Complaint must be dismissed.[4] Accordingly, the allegations pled in the Complaint in support of Plaintiff's claims, even if taken as true,[5] are insufficient to support the relief requested.

/ / /

/ / /

/ / /

/ / /

---

1 Complaint at ¶¶ 8, 10, and 32.

2 Complaint at ¶¶ 7 and 8.

3 See Section II.B., of the Memorandum of Points and Authorities attached hereto.

4 Lincoln Life does not oppose the Court allowing Plaintiff to file an amended complaint that asserts a claim for recovery of benefits under 29 U.S.C. § 1132(a)(1)(B) and removes the state law causes of action.

5 For the purposes of the Motion to Dismiss, the Court must assume the facts alleged by Plaintiff in the Complaint to be true. However, Lincoln does not admit the truthfulness or accuracy of any factual allegation contained in the Complaint by filing this Motion and Brief or by any statement contained therein.

This Motion is supported by the Memorandum of Points and Authorities attached hereto.

Dated this 11th day of March 2022.

LAW OFFICES OF IWANA RADEMAEKERS, P.C.

By: /s/ Iwana Rademaekers
Iwana Rademaekers, TX Bar No. 16452560
***Admitted Pro Hac Vice***
17304 Preston Rd, Suite 800
Dallas, Texas 75252

**- And -**

LAW OFFICE OF GEORLEN K. SPANGLER

By: /s/ Georlen Spangler
Georlen Spangler, Nevada Bar No. 3818
2620 Regatta Drive, Suite 102
Las Vegas, Nevada 89128
Phone: 702.381.5830

*Attorneys for Defendant, Lincoln Life Assurance Company of Boston*

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. STATEMENT OF UNDISPUTED MATERIAL FACTS

The relevant facts derived from the Complaint are as follows:

Snow alleges he became disabled and consequently, is eligible for disability benefits from the Plan under the Policy.[6] Snow asserts he received long-term disability benefits from the Plan, but these benefits were subsequently terminated on or about February 19, 2021.[7]

Snow asserts Lincoln's termination of his benefits is a breach of contract and breach of covenant of good faith and fair dealing, and constitutes unfair claims practices that caused him damages set forth in the Complaint.[8] Specifically, in his first claim for relief, Snow alleges a state law cause of action against Lincoln of breach of contract "by unreasonably refusing to provide certain benefits to Plaintiff" when he was denied continued disability benefits.[9] In his second claim for relief, Snow alleges a state law cause of action against Lincoln of breach of covenant of good faith and fair dealing by "unreasonably refusing to afford insurance benefits to Plaintiff" when he was denied continued disability benefits.[10] Snow's third claim for relief asserts that Lincoln engaged in unfair claims practices,[11] alleging that Lincoln violated numerous provisions of NRS 686A.310.[12]

Snow also requests declaratory relief[13] and asserts a claim for punitive damages.[14]

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

---

6 Complaint at ¶¶ 10-12, 21, and 32.
7 Complaint at ¶¶ 12 and 17.
8 Complaint at ¶¶ 33-58.
9 Complaint at ¶ 36.
10 Complaint at ¶ 44.
11 Complaint at ¶¶ 52-58.
12 Complaint at ¶¶ 55-56.
13 Complaint at ¶¶ 59-62.
14 Complaint at ¶¶ 63-65.

## II. ARGUMENT AND AUTHORITIES

### A. Standard Governing Rule 12(b)(6) Motion to Dismiss.

An order granting a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) is appropriate when, taking the facts alleged in the Complaint as true, the moving party is entitled to a judgment as a matter of law. Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1550 (9th Cir. 1990). All inferences reasonably drawn from the facts of the Complaint must be construed in favor of the plaintiff. Baker v. McNeill Island Corrections Center, 859 F.2d 124, 127 (9th Cir. 1988); General Conference Corp. of Seventh Day Adventists v. Seventh Day Adventists Congressional Church, 887 F.2d 228, 230 (9th Cir. 1989). Dismissal for failure to state a claim can be based on lack of a recognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988). Dismissal will be warranted if it appears beyond doubt that a plaintiff can prove no set of facts in support of his claims that would entitle him to relief. Jensen v. City of Oxnard, 145 F.3d 1078, 1082 (9th Cir. 1998).

### B. The Court May Properly Consider the Relevant Plan Document in Ruling on This Motion.

True and correct copies of the Policy (Exhibit A) and SPD (Exhibit B) are attached hereto and incorporated herein by reference. Although Snow did not attach these documents to the Complaint, references are made in the Complaint to the disability plan.[15] Additionally, Snow's claims are clearly predicated on the Policy and SPD. It is well-established that under such circumstances, Lincoln may attach these documents to the Motion to Dismiss and the Court may properly consider the documents in ruling on the Motion to Dismiss. Parrino v. FHP, Inc., 146 F. 3d 699, 706 (9th Cir. 1998); Venture Assocs. Corp. v. Zenith Data Sys. Corp., 987 F.2d 429, 431 (7th Cir. 1993); Cortec Indus., Inc. v. Sum Holding, L.P., 949 F.2d 42, 47 (2d Cir. 1991); Weiner v. Klais and Co., Inc., 108 F.3d 86, 89 (6th Cir. 1997).

/ / /

/ / /

/ / /

[15] Complaint at ¶¶ 4, 8, 10, 32, 34-36, 41, and 60.

**C. The Long Term Disability Benefits Sought by Snow in the Complaint are Benefits from an "employee welfare benefit plan" Governed by ERISA.**

It is clear that the Robinson long term disability plan is an "employee welfare benefit plan" as defined by ERISA, which defines this term as:

> [A]ny plan, fund, or program . . . established or maintained by an employer . . . to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries . . . (A) medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, death or unemployment, or vacation benefits, apprenticeship or other training programs, or day care centers, scholarship funds, or prepaid legal services or (B) any benefit described in section 302(c) of the Labor Management Relations Act, 1947 [29 U.S.C.S. § 186(c)] . . . .[16]

Based on the facts pled in the Complaint, it is apparent that to fulfill obligations created under the Plan, Robinson entered into a contract (the Policy, Exhibit A) with Lincoln. Through the Plan, Snow was extended long-term disability benefits as a participant in the Plan, which was sponsored by Robinson. Accordingly, the Plan was established and maintained by Robinson and provided disability benefits, as required by the statutory definition of "employee welfare benefits plan." Therefore, the Plan is an ERISA plan based on the face of the Complaint and ancillary documents.

**D. Snow's State Law Causes of Action are All Preempted by ERISA.**

As the Complaint clearly establishes the existence of an ERISA Plan, Snow's state law causes of action in this lawsuit (breach of contract, breach of covenant of good faith and fair dealing, and unfair claims practices) are preempted by ERISA Section 514(a), 29 U.S.C. §1144(a). ERISA preempts "any and all state laws insofar as they may now or hereafter relate to an employee benefit plan." ERISA § 514(a), 29 U.S.C. §1144(a). See also Zavora v. Paul Revere Life Ins. Co., 145 F.3d 1118, 1120 (9th Cir. 1999) ("ERISA broadly preempts state law that relates to 'any employee benefit plan' as described in the statute."); Shaw v. Delta Airlines, 463 U.S. 85, 96-97, 103 S. Ct. 2890 (1983)( a state law "'relates to' an employee benefit plan, in the

[16] 29 U.S.C. § 1002(1) (emphasis added).

normal sense of the phrase, if it has a connection with . . .such a plan."); Gibson v. Prudential Ins. Co., 915 F.2d 414, 416 (9th Cir. 1990) (ERISA's preemption provision "is to be broadly construed and extends to common law and tort and contract actions."); Ingersoll-Rand Company v. McClendon, 498 U.S. 133, 139, 111 S. Ct. 478 (1990) ("[A] state law may 'relate to' a benefit plan, and thereby be pre-empted, even if the law is not specifically designed to affect such plans, or the effect is only indirect.").

The United States Supreme Court and the Ninth Circuit repeatedly have found that a plaintiff's state law claims based upon the existence of an employee benefit plan are preempted by ERISA. For example, in Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 107 S. Ct. 1542 (1987), an employee brought suit against his former employer and its insurer alleging breach of contract, retaliatory discharge, and wrongful termination of disability benefits. The Supreme Court held plaintiff's contract and tort claims were preempted by ERISA § 514(a), 29 U.S.C. § 1144(a) because his claims "relate[d] to [an] employee benefit plan." Id. at 62. The Court again reached the same result in Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 107 S. Ct. 1549 (1987), where an employee brought common law breach of contract, bad faith, and other tort claims against the insurance company which insured his employer's group insurance policy alleging the company wrongfully failed to pay benefits under an ERISA-governed plan. The Court rejected plaintiff's state law claims because they "relate[d] to" an employee benefit plan and, thus, were preempted by ERISA. Id. at 57.

The Supreme Court again addressed this issue in Ingersoll-Rand, *supra*. There, an employee brought suit against his former employer in state court seeking compensatory and punitive damages under various state tort and contract theories alleging his termination deprived him of rights to pension benefits; he did not assert any cause of action under ERISA. In reversing the Texas Supreme Court and upholding the appellate court's order granting summary judgment in favor of the employer, the Supreme Court concluded that because plaintiff would "simply [have] no cause of action if there [was] no plan," his claims "relate[d] to" an ERISA-covered plan within the meaning of ERISA § 514(a), 29 U.S.C. § 1144(a). Ingersoll-Rand, 498 U.S. at 140.

/ / /

Snow's state law cause of action arises from the handling and disposition of his claim for long term disability benefits from the Plan. Accordingly, it is subject to preemption. See Greany v. Western Farm Bureau Life Insurance Company, 973 F.2d 812 (9th Cir. 1992) (challenge to handling of benefits under state tort, contract and insurance theories preempted by ERISA); Tingey v. Poxley-Richards W., Inc., 953 F.2d 543, 545 (9th Cir. 1992) (all claims which involve the administration of an ERISA plan, even if drafted to refer to the employment relationship, are preempted by ERISA); Lea v. Republic Airlines, Inc., 903 F.2d 624, 632 (9th Cir. 1990) (state claims of negligence, breach of contract, fraud and estoppel related to the administration of an ERISA plan and , therefore, were preempted); Nevill v. Shell Oil Co., 835 F.2d 209, 211-12 (9th Cir. 1990). (ERISA preempted causes of action for breach of the covenant of good faith and fair dealing, where the plaintiff alleged the employer had misrepresented ERISA plan benefits.)

The Ninth Circuit has specifically held that causes of action for breach of contract and violation of the Washington Consumer Protection Act, among others, are preempted by ERISA. Bast v. Prudential Ins. Co. of Am., 150 F.3d 1007, 1008 (9th Cir. 1998). The Ninth Circuit so held even though it recognized that without these state law causes of action, the plaintiffs were left without a remedy. Bast, 150 F.3d at 1010. See also Kanne v. Connecticut Gen. Life Ins. Co., 867 F.2d 489, 494 (9th Cir. 1988) (breach of contract and tortuous breach of the covenant of good faith and fair dealing causes of action preempted by ERISA); Lea v. Republic Airlines, Inc., 903 F.2d 624, 633 (9th Cir. 1990) (ERISA preempted breach of contract, negligence and fraud causes of action).

Snow's state law causes of action in the Complaint each are inseparably connected to the interpretation and construction of the Policy and SPD. For example, Plaintiff's breach of contract cause of action is predicated on the existence and construction of the Plan. But for the covenants, both implicit and explicit, of the Policy and the SPD, Snow would have no basis for any contractual cause of action. Therefore, this cause of action is preempted by ERISA.

Moreover, there can be no doubt that the Plan is inseparably connected to any determination of the harm allegedly suffered by Snow and, thus, ultimate liability under Snow's state law causes of action. There simply would be no claim against Lincoln if there was no Plan.

Accordingly, under Supreme Court precedent in Ingersoll-Rand, Plaintiff's state common law claims "relate to" and are expressly preempted by ERISA and must be dismissed. Ingersoll-Rand, 498 U.S. at 140; Barr v. American Cyanamid Company, 808 F. Supp. 752, 756 (W.D. Wash. 1992).

**E. Compensatory, Statutory, Exemplary, and Penalty Damages Are Not Available in this Action**

It is black-letter law that Congress did not provide for statutory or punitive damages under ERISA. Mertens v. Hewitt Associates, 508 U.S. 248 (1993); Massachusetts Mutual Life Ins. Co. v. Russell, 473 U.S. 134 (1985); Rogers v. Hartford Life & Accident Ins. Co., 167 F.3d 933, 944 (5th Cir. 1999); Weir v. Federal Asset Disposition Assn., 123 F.3d 281, 290 (5th Cir. 1997); *see* Godfrey v. BellSouth Telecommunications, 89 F.3d 755, 761 (11th Cir. 1996) ("a plan beneficiary can sue to enforce her rights under the plan and under ERISA, and for equitable relief, but not for punitive or compensatory damages"). As these cases establish, Plaintiff is not entitled to any form of compensatory, statutory, exemplary, penalty or other extra-contractual monetary relief over and above the recovery of any benefits that may be due under her ERISA-controlled plan. Accordingly, should the Court not dismiss Plaintiff's claims in their entirety, the Court should strike Plaintiff's demand for such relief, with prejudice.

In sum, based on the foregoing case law, it cannot be disputed that the Plan from which Snow seeks long term disability benefits, as alleged in the Complaint, qualifies as an employee welfare benefit plan under ERISA. Accordingly, the state law causes of action asserted against Lincoln by Snow in the Complaint are preempted by ERISA, and the Complaint must be dismissed.

**III. CONCLUSION AND PRAYER**

The United States Supreme Court has made clear that the remedies specified in ERISA are exclusive. Aetna Health Inc. v. Davila, supra. All state laws invoked by or on behalf of beneficiaries relating to a denial of benefits under a group employee welfare benefit plan, such as those asserted in the Complaint, are preempted by ERISA. For the reasons and authorities discussed above, Lincoln respectfully requests that the Court dismiss Plaintiff's Complaint

against it with prejudice, award Defendant its attorneys' fees and costs pursuant to ERISA § 502(g), 29 U.S.C. § 1132(g); grant Defendant any other relief to which it shows itself justly entitled.

Dated this 11th day of March 2022.

LAW OFFICE OF GEORLEN K. SPANGLER

By: /s/ Georlen Spangler

Georlen Spangler, Nevada Bar No. 3818
2620 Regatta Drive, Suite 102
Las Vegas, Nevada 89128
Phone: 702.381.5830

*Attorneys for Defendant, Lincoln Life Assurance Company of Boston*

***APPENDIX OF EXHIBITS***

| EXHIBIT NO. | DESCRIPTION | PAGE NOS. |
|---|---|---|
| A | Policy | 1-48 |
| B | Summary Plan Description | 49-102 |

**CERTIFICATE OF SERVICE**

I hereby certify that on the 11th day of March 2022, I electronically transmitted the foregoing, **DEFENDANT LINCOLN LIFE ASSURANCE COMPANY OF BOSTON'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT** to the clerk's office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF Registrants:

Craig Slater, Esq.
Law Office of Craig D. Slater
8987 W. Flamingo Road, Ste 100
Las Vegas, NV 89147
Email: cslater@luhlaw.com
*Attorneys for Plaintiff*

/s/ Tami J. Reilly
a representative of
LAW OFFICE OF GEORLEN K. SPANGLER