CRAIG SLATER, ESQ.
Nevada Bar No. 8667
cslater@luhlaw.com
**LAW OFFICE OF CRAIG D. SLATER**
8987 W. Flamingo Road, Suite 100
Las Vegas, NV 89147
T: (702) 367-8899
F: (702) 384-8899
*Counsel for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * * * *

| | |
|---|---|
| TIMOTHY SNOW, an individual<br><br>Plaintiff,<br><br>v.<br><br>LINCOLN LIFE ASSURANCE COMPANY OF BOSTON, a foreign corporation; ARIA RESORT & CASINO, LLC; LEANDRE WHARTON; DOES I through V; and ROE BUSINESS ENTITIES VI through X,<br><br>Defendants. | CASE NO.: 2:22-CV-00405-JCM-BNW<br><br>Plaintiff's Limited Opposition to Motion to Dismiss Plaintiff's Complaint |

COMES NOW Plaintiff, TIMOTHY SNOW, by and through his counsel, LUH & ASSOCIATES, and hereby submits this Opposition to Motion to Dismiss Plaintiff's Complaint.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. INTRODUCTION**

At the time of filing the complaint it was unclear to Plaintiff whether the insurance plan at issue qualified as an ERISA plan. In fact, the denial letter from Lincoln Life contains the following language "if Mr. Snow's plan is subject to ERISA…" Since the filing of the complaint, it has become clear that the policy in question is subject to ERISA. As such, Defendant correctly notes that ERISA pre-empts state law on this matter. Therefore, it is necessary for Plaintiff to amend the operative complaint, as

suggested within Defendant's Motion to Dismiss at Footnote #4. To that end, Plaintiff hereby agrees to dismiss the state law claims and assert a single claim to recover benefits due to him pursuant to 29 U.S.C. § 1132.

## II. BACKGROUND

Plaintiff was employed at Robinson Nevada Mining Company as a Senior Haul Truck Driver/Trainer. Specifically, Plaintiff drove 793 Caterpillar Haul Trucks (300 tons) at an open pit copper mine located in Ruth, Nevada. As part of his employment, Plaintiff was insured for Group Disability Income which provided short term and long-term disability coverage. Plaintiff has several medical conditions including herniated disks in his thoracic spine. As a result of Plaintiff's medical conditions, Plaintiff was deemed disabled and began receiving benefits under the policy of insurance issued by LINCOLN in July of 2019.

On or about August 11, 2020, while Plaintiff was deemed disabled, Plaintiff underwent a spinal surgery. After receiving surgery on his spine, Plaintiff underwent physical therapy. Ultimately, Plaintiffs' physicians noted that there was no improvement in his condition, despite undergoing surgery.

On February 19, 2021, LINCOLN provided written notice to Plaintiff notifying him that he was no longer eligible for disability benefits because he was no longer disabled. On or about March 9, 2021, Plaintiff was notified by the Social Security Administration that he was deemed disabled and entitled to benefits from the Social Security Administration. This finding translates to a determination that Plaintiff is unable to perform any substantial gainful activities. On March 22, 2021, written demand was made to LINCOLN demanding that they reconsider the decision to terminate Plaintiff's disability benefits. Thereafter, LINCOLN agreed to reverse their declination of coverage and deemed Plaintiff disabled and entitled to benefits.

Again, on June 19, 2021, LINCOLN provided written notice to Plaintiff notifying him that he

was no longer eligible for disability benefits.

Between March of 2021 and June of 2021 there was no improvement in Plaintiff's medical conditions and the medical records document a worsening of his pain. Medical records also demonstrate that Plaintiff's mental health impairments increased during the very same period. Despite the foregoing, LINCOLN determined that Plaintiff was no longer disabled and capable of returning to work. Thereafter, Plaintiff appealed the decision. On November 10, 2021, LICOLN issued a written decision denying Plaintiff's appeal and upholding its decision to terminate disability benefits.

**III. ARGUMENT**

F.R.C.P. 15(2) provides that a party may amend its pleading "only with the opposing party's written consent or the court's leave." Here, Defendant has indicated its written consent for Plaintiff to amend the operative pleading. Defendant expressly did so in FN 4 to its Motion to Dismiss. In doing so, Defendant recognized that Plaintiff has a statutory right to assert a civil action to recover benefits. As such, Plaintiff does not oppose the motion to dismiss and is willing to amend the Complaint to dismiss all state-based claims and assert a single cause of action pursuant to 29 U.S.C. § 1132.

Allowing Plaintiff to amend his complaint serves multiple purposes. First, the express language of F.R.C.P. allows amendment upon consent of the parties. Additionally, American jurisprudence has long held that matters should be heard on the merits. Allowing Plaintiff to amend the pleading to assert his statutory claim allows Plaintiff to have his day in court – thereby satisfying a fundamental tenet of our legal system.

**A. Defendant's Request for Attorney's Fees Should Be Denied.**

Defendant's request for attorney's fees should be denied for two reasons. First, there has been no determination as to which party prevailed. As such, any determination of fees and costs should be deferred until such a determination has been made. Second, as demonstrated by Plaintiff's willingness to amend the pleading as discussed above, Defendant could have avoided incurring any fees by

contacting Plaintiff's counsel and discussing this issue prior to the filing of any motions.

## III. CONCLUSION

Based on the foregoing, Plaintiff hereby requests that Defendant's Motion to Dismiss be denied and that Plaintiff be allowed to amend the Complaint.

DATED this 25th day of March, 2022.

**LAW OFFICE OF CRAIG D. SLATER**

/s/ Craig D. Slater

CRAIG D. SLATER, ESQ.
8987 W. Flamingo Road, Suite 100
Las Vegas, NV 89147
(702) 367-8899
*Counsel for Plaintiff*