CRAIG SLATER, ESQ.
Nevada Bar No. 8667
cslater@luhlaw.com
**LAW OFFICE OF CRAIG D. SLATER**
8987 W. Flamingo Road, Suite 100
Las Vegas, NV  89147
T: (702) 367-8899
F: (702) 384-8899
*Counsel for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * * * *

| | |
|---|---|
| TIMOTHY SNOW, an individual<br><br>Plaintiff,<br><br>v.<br><br>LINCOLN LIFE ASSURANCE COMPANY OF BOSTON, a foreign corporation; DOES I through V; and ROE BUSINESS ENTITIES VI through X,<br><br>Defendants. | CASE NO.: 2:22-CV-00405-JCM-BNW<br><br>**AMENDED COMPLAINT** |

COMES NOW Plaintiff, TIMOTHY SNOW, by and through his counsel, LAW OFFICES OF CRAIG D. SLATER, and hereby submits his Amended Complaint and alleges as follows:

**JURISDICTION**

1. Plaintiff is a Nevada resident, residing in the State of Nevada.

2. Upon information and belief, LINCOLN LIFE ASSURANCE COMPANY OF BOSTON (hereinafter "LINCOLN") is a foreign corporation duly licensed to conduct business in the State of Nevada, and doing business in the State of Nevada.

3. Plaintiff's treating physicians are located in the State of Nevada, County of Clark and as a result, the state of Nevada is the most convenient forum for this litigation.

4. The contract of insurance at issue expressly provides that Nevada is the governing jurisdiction.

1

5. On information and belief, DOES 1 through V, and each of them, were the managerial agents, employees, predecessors, successors, joint-ventures, co-conspirators, alter egos, and/or representatives of the Defendants identified above and acted with permission, authorization and/or ratification and consent of such other defendants. The true identities of DOES I through V are currently unknown to Plaintiff. Plaintiff will seek leave to amend this Complaint when their true identities are ascertained.

6. On information and belief, ROE BUSINESS ENTITIES VI through X are now, and at all times herein mentioned were, business entities licensed to do and doing business in the State of Nevada, County of Clark and acted with permission, authorization and/or ratification and consent of such other defendants. The true identities of ROE BUSINESS ENTITIES VI through X are currently unknown to Plaintiff. Plaintiff will seek leave to amend this Complaint when their true identities are ascertained.

**GENERAL ALLEGATIONS**

7. Plaintiff was employed at Robinson Nevada Mining Company as a Senior Haul Truck Driver/Trainer. Specifically, Plaintiff drove 793 Caterpillar Haul Trucks (300 tons) at an open pit copper mine located in Ruth, Nevada.

8. Plaintiff, as part of his employment, was insured by LINCOLN for Group Disability Income Policy which provided short term and long-term disability coverage to Plaintiff.

9. Plaintiff has several medical conditions including herniated disks in his thoracic spine.

10. As a result of Plaintiff's medical conditions, Plaintiff was deemed disabled and began receiving benefits under the policy of insurance issued by LINCOLN in July of 2019.

11. As a result of his back pain, Plaintiff was placed on short-term disability and began receiving short-term disability benefits.

12. When Plaintiff was unable to return to work after six months, he was placed on long-term disability.

2

13. On or about August 11, 2020, while Plaintiff was deemed disabled, Plaintiff underwent a spinal surgery consisting of the following: Left T9 costotransversectomy and left 79 transpedicular decompression of T9 nerve root with left T8-T9 microdiskectomy.

14. After receiving surgery on his spine, Plaintiff underwent physical therapy.

15. Ultimately, Plaintiffs' physicians noted that there was no improvement.

16. While receiving disability benefits, LINCOLN advised Plaintiff that he was required to apply for Social Security Disability benefits.  As a result, Plaintiff applied for Social Security Disability benefits.

17. On February 19, 2021, LINCOLN provided written notice to Plaintiff notifying him that he was no longer eligible for disability benefits because he was no longer disabled.

18. LINCOLN's denial of benefits was allegedly based on an independent review of Plaintiff's medical records by an unknown physician.

19.  It is clear that the physician never spoke to Plaintiff, never examined Plaintiff, and never spoke to, or consulted with, Plaintiff's physicians prior to making a determination that Plaintiff was no longer disabled.

20. On or about March 9, 2021, Plaintiff was notified by the Social Security Administration that he was deemed disabled and entitled to benefits from the Social Security Administration.  This finding translates to a determination that Plaintiff is unable to perform any substantial gainful activities.

21. On March 22, 2021, written demand was made to LINCOLN demanding that they reconsider the decision to terminate Plaintiff's disability benefits.

22. Shortly thereafter, LINCOLN agreed to reverse their declination of coverage and deemed Plaintiff disabled and entitled to benefits.

23. Again, on June 19, 2021, LINCOLN provided written notice to Plaintiff notifying him that he was no longer eligible for disability benefits.

24. LINCOLN's second denial of benefits was allegedly based on an independent review of Plaintiff's medical records by an unknown physician.

25. It is clear that the physician never spoke to Plaintiff, never examined Plaintiff, and never spoke to, or consulted with, Plaintiff's physicians prior to making a determination that Plaintiff was no longer disabled.

26. In awarding Plaintiff benefits, the Social Security Administration expressly determined that Plaintiff was disabled due to his medical conditions and unable to engage in substantial gainful employment.

27. Between March of 2021 and June of 2021 there was no improvement in Plaintiff's medical conditions. In fact, medical records document a worsening of his pain.

28. Medical records also demonstrate that Plaintiff's mental health impairments increased during the very same period.

29. Despite the foregoing, LINCOLN determined that Plaintiff was no longer disabled and capable of returning to work.

30. Plaintiff received $2,941.54 per month in disability benefits from LINCOLN.

31. Plaintiff receives $1,890.30 per month in Social Security disability benefits.

32. Per the terms of the policy, Plaintiff, if eligible for disability benefits, is entitled to receive the difference between the sums paid by LINCOLN and the sum received from Social Security. As a result, Plaintiff should have received $1,051.24 per month from LINCOLN and is eligible to continue receiving this amount until he is no longer disabled or until he reaches the age of 65.

**FIRST CLAIM FOR RELIEF**
Recovery of Benefits – 29 U.S.C. § 1132

33. Plaintiff refers to and incorporates herein by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

34. Defendant provided an employee benefit plan that provided benefits to Plaintiff pursuant to

4

the terms of the plan.

35. The plan is governed by ERISA – 29 U.S.C. § 1001.

36. 29 U.S.C. § 1132 authorizes a private cause of action by a beneficiary to recover benefits that are due under the plan.

37. Per the plan, Plaintiff was entitled to receive certain disability benefits.

38. Defendant has refused to provide the benefits that Plaintiff is entitled to receive.

39. As a result of Defendant's refusal to provide benefits, Plaintiff was harmed by not receiving the benefits that he was entitled to receive and will continues to suffer harm.

40. Plaintiff has exhausted all appeals and other remedies available to him per the terms of the plan.

41. Plaintiff was required to retain the service of an attorney and is therefore entitled to a reasonable award of attorney fees and costs pursuant to 29 U.S.C. 1132(g).

WHEREFORE, Plaintiff prays for judgment as follows:

1. Grant Plaintiff declaratory relief, finding that he is entitled to all past due long term disability benefits yet unpaid;

2. Order Defendant to pay past due long term disability benefits retroactive to June 19, 2021 through the present in the monthly amount specified in the Plan and subject to such offsets as are permitted in the Plan, plus pre-judgment interest;

3. Order Defendant to remand claim for future administrative review and continue to make future long term disability benefits in the monthly amount specified in the Plan and subject to such offsets as are permitted in the Plan until such time as Defendant makes an adverse determination of long-term disability consistent with ERISA and Plaintiff's entitlements under the Plan;

4. Order Defendant to pay for the costs of this action and Plaintiff's attorney's fees, pursuant to Section 502(g) of ERISA, 29 U.S.C. § 1132(g); and

5. For such other relief as may be deemed just and proper by the Court.

DATED this 7th day of April, 2022.

**LAW OFFICE OF CRAIG D. SLATER**

/s/ Craig D. Slater
_____
CRAIG D. SLATER, ESQ.
8987 W. Flamingo Road, Suite 100
Las Vegas, NV 89147
(702) 367-8899
*Counsel for Plaintiff*